**HUIYUN HUANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–70191.**

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 5, 2008.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

CAC–District Counsel, Esq., Office of The District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of The District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum Fax, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM**

Huiyun Huang, a native and citizen of China, petitions for review of the Board of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Immigration Appeals' ("BIA") order denying her motion to reconsider the BIA's order summarily affirming an immigration judge's ("IJ") order denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review motions to reconsider for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Huang's motion to reconsider because the motion failed to identify any legal or factual errors in the underlying decision. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority.").

We lack jurisdiction to review Huang's remaining contentions relating to the agency's determination that asylum was time-barred, the State Department comments, the denial of CAT protection, and alleged due process violations by the IJ and the BIA in summarily affirming the IJ decision because she failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.